UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 0 6 2007

Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ELAINE BENNETT, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. H-07-2467 ) |
| v. | ) **FILED IN CAMERA AND** ) **UNDER SEAL PURSUANT TO** |
| BOSTON SCIENTIFIC CORP. and GUIDANT CORP. | ) **31 U.S.C. § 3730** ) ) |
| Defendant. | ) ) |

UNITED STATES' UNOPPOSED, <u>EX PARTE</u> APPLICATION FOR
<u>JOINT ADMINISTRATION OF FOUR RELATED QUI TAM ACTIONS</u>

The United States, through its undersigned attorneys, and pursuant to Rules 1 and 42(a)

of the Federal Rules of Civil Procedure and Local Rule 7.6, respectfully requests that this action

be jointly administered with three related actions brought by Relator Elaine Bennett ("relator"),[1]

under the False Claims Act, 31 U.S.C. § 3729 <u>et seq.</u>[2]  In all four cases, the same relator alleges

essentially the same fraudulent conduct by four manufacturers in the same medical device

market.  Given the common core of facts and legal issues underlying these four cases, their joint

---

[1]  After filing this action under the name Elaine George, relator changed her name to
Elaine Bennett and filed the three more recent actions under that name.

[2]  Pursuant to Local Rule 7.6, the United States is filing the instant motion only in this
case – the first to be filed – and will provide courtesy copies of the motion to Judges Gilmore and
Hughes.  <u>See</u> Local Rule 7.6 ("A motion to consolidate cases will . . . be filed only in the oldest
case with a courtesy copy furnished to the other affected courts [and] be heard by the judge to
whom the oldest case is assigned.").

administration would further the interests of judicial efficiency and economy.[3]

The False Claims Act permits a private party to file an action on behalf of the United States to recover damages under the False Claims Act, 31 U.S.C. §§ 3729-3733.  The statute provides for the whistle blower, called a "relator," to file the Complaint under seal and provides an evaluatory period for the government to investigate the fraud allegations.  In this case, relator has filed a total of four *qui tam* actions against manufacturers of surgical cardiac ablation devices.  The instant action was the first to be filed.  It was initially filed in the Southern District of Illinois on November 9, 2006 and was transferred to this Court on July 13, 2007.   The following three related actions were filed on August 21, 2007, and served on the Attorney General on October 10, 2007:

1.  United States ex rel. Bennett v. Atricure, Inc., No. 4:07-CV-2702 (S.D. Tex.) (Atricure), also assigned to this Court.

2.  United States ex rel. Bennett v. St. Jude, Inc., No. 4:07-CV-2704 (S.D. Tex.) (St. Jude), assigned to the Hon. Lynn N. Hughes.

3.  United States ex rel. Bennett v. Endoscopic Techs., Inc., No. 4:07-CV-2705 (S.D. Tex.) (EsTech), assigned to the Hon. Vanessa Gilmore.

Aside from the government's application to extend the intervention deadline in the instant action, there have been no substantive proceedings in any of the four actions.[4]

The allegations in the four actions are essentially the same.  Relator alleges that by fraudulently marketing their surgical cardiac ablation systems, the defendant manufacturers

---

[3] The United States requests only joint administration and does not seek to consolidate the four cases at this time.

[4] Judge Hughes held a status conference in St. Jude on October 26, 2007, and scheduled a second conference for January 7, 2007.

caused hospitals and physicians to submit false claims to federal healthcare programs for procedures using those systems.  Compare Compl. ¶ 2 with Atricure Compl. ¶¶ 2-13; St. Jude Compl. ¶¶ 3-12; EsTech Compl. ¶¶ 3-12.  According to relator, the defendants' marketing campaigns were fraudulent in at least four ways.  First, defendants allegedly marketed their surgical ablation systems for an off-label use.  Specifically, relator claims that although defendants obtained pre-market certification from the Food and Drug Administration only for the general use of surgical ablation in the "ablation of cardiac tissue during cardiac surgery," the defendants marketed their products specifically to treat atrial fibrillation – a new intended use that would require additional pre-market certification.  Second, defendants allegedly marketed their inpatient surgical ablation procedure as the first-line therapy for atrial fibrillation when non-invasive drug therapy or outpatient catheter ablation was appropriate.  Third, relator alleges that the defendants instructed hospitals to bill Medicare for surgical ablation using incorrect billing codes.  Fourth, relator alleges that defendants unlawfully induced hospitals and physicians to use their products by paying kickbacks in the form of improper product discounts and free advertising, referral services, equipment, and training.[5]

Courts routinely assign related cases involving overlapping facts and legal issues to a single judge when the joint administration of those cases would further the interest of judicial economy.  See Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court . . . it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."); In re Enron Corp. Secs. Litig., 206 F.R.D. 427 (S.D. Tex. 2002) ("The Court finds that consolidation, at least pretrial, serves to promote an orderly

---

[5] In her complaint against Atricure, Inc., the relator further alleges that members of Atricure's board also served on the boards of clinics and hospitals that used Atricure's products, thereby creating a conflict of interest.

progression of this very complex litigation, especially since discovery necessarily involves overlapping Defendants and a common core of facts and legal issues . . . ."). In this case, the four complaints were filed by the same relator, focus on participants in a discrete medical device market, and involve essentially the same allegations. The United States intends to coordinate its investigation of these matters through one investigative team. The four cases will likely present similar procedural, legal, and factual issues to be decided by the Court. Therefore, it would be in the interest of efficiency and conservation of judicial resources for all four cases to be jointly administered by this Court.

Joint administration is particularly appropriate in False Claims Act cases such as these because of the statute's unique procedural requirements. False Claims Act cases are filed under seal and remain sealed for at least 60 days to allow the government to conduct an appropriate investigation and make an informed decision as to whether to intervene in the action. However, extensions of the intervention deadline and seal are allowed for good cause shown. See 31 U.S.C. § 3730(b)(3). In this case, the intervention deadline and seal have been extended through January 8, 2007. However, in the three later-filed cases, the initial 60-day period will expire this month, and the United States will be seeking an extension in each case. Without joint administration, three courts will have to consider four extension requests filed in four separate sealed proceedings, resulting in the duplication of effort and creating the potential for different intervention and seal deadlines.

For the foregoing reasons, the United States respectfully requests that the two later-filed cases currently assigned to other judges in this District be transferred to this Court and that all four cases be jointly administered, at least through the pretrial proceedings. The United States has contacted relator's counsel, and relator supports this motion. A proposed order is submitted

with this motion.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY GENERAL

DONALD J. DEGABRIELLE, JR.
UNITED STATES ATTORNEY

MICHELLE ZINGARO
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Tel: 713-567-9512
Facsimile: 713-718-3407

JOYCE R. BRANDA
JAMIE ANN YAVELBERG
EDWARD C. CROOKE
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20004
Phone:  (202) 353-0426

Attorneys for the United States of America

Dated: December 6, 2007

<u>Certificate of Service</u>

I hereby certify that on December 6, 2007, the United States' <u>Ex</u> <u>Parte</u> Application for Joint Administration of Four Related Qui Tam Actions, and the Proposed Order were mailed, first-class mail, postage prepaid to:

David W. Sanford
Meenoo Chahbazi
Sanford, Wittels, & Heisler, LLP
1666 Connecticut Ave., NW
Suite 310
Washington, DC 20009

Grant Morris
Law Offices of Grant Morris
1666 Connecticut Ave., NW
Suite 310
Washington, DC 20009

Mitchell R. Kreindler
Kreindler & Associates
9219 Katy Fwy, Ste. 206
Houston, TX 77024-1514

Sonja Larsen, Legal Assistant