IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* § | |
| ELAINE GEORGE, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-07-2467 |
| § | |
| BOSTON SCIENTIFIC CORPORATION § | |
| and GUIDANT CORPORATION, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This long-running *qui tam* action reached its end—at least in this court—on July 26, 2012 when the relator, Elaine George, filed a stipulation signed by all parties dismissing the action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The stipulation did not specify whether the dismissal was with or without prejudice. (Docket Entry No. 102). The court entered an order of dismissal based on the stipulation, stating that the action was dismissed with prejudice. (Docket Entry No. 103).

George moved for reconsideration. (Docket Entry No. 104). According to George:

> Rule 41(a)(B) provides that a stipulation of dismissal is automatically without prejudice "[u]nless the notice or stipulation states otherwise" or unless an exception relating to a previously dismissed action[] applies. Because the "previously dismissed action" exception does not apply here and the stipulation does not state otherwise, the parties' stipulation of dismissal had the effect of dismissing the case without prejudice as provided by the Federal Rules. By issuing its July 26 Order stating that the dismissal was "with prejudice," the Court inadvertently undermined the effect of the stipulation and Rule 41(a)(1)(B).

(*Id.*, at 1). The defendants, Boston Scientific Corporation and Guidant Corporation, oppose reconsideration. (Docket Entry No. 105). According to the defendants, the "previously dismissed action" exception does apply based on George's failure to replead her retaliatory-discharge claim under Illinois law. (*Id.*, at 2). The defendants assert that any new retaliatory-discharge action would be barred by limitations. (*Id.*, at 2–3).

A motion to reconsider is appropriately considered under Rule 59(e), which allows for "[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment." This rule applies to a motion to reconsider a court's previous ruling. *See, e.g.*, *Rogers v. KBR Tech. Servs. Inc.*, No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (per curiam) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). Relief under this rule is difficult to obtain. As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)); *accord* 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995).

The Fifth Circuit recently held that once a plaintiff files a stipulation of dismissal under 41(a)(1)(a)(ii), a district court lacks jurisdiction to take any further action, including entering an order of dismissal such as the one that this court entered:

> Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties

>themselves without any court action.  Any dismissal entered by a
>district court after the filing of a voluntary dismissal is superfluous.

*SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (per curiam) (internal quotation marks omitted).  While a district court may retain ancillary jurisdiction "to enforce the terms of a settlement agreement" under limited circumstances, neither party has suggested that such circumstances are present.  *Id.*

Under the holding of *SmallBizPros*, once George filed the July 26, 2012 stipulation of dismissal under Rule 41(a)(1)(A)(ii), the dismissal of this action became effective immediately and this court lacked jurisdiction to take any further action—including entering the order of dismissal. George's motion for reconsideration, (Docket Entry No. 104), is granted.  The court's order of dismissal, (Docket Entry No. 103), is vacated for lack of jurisdiction.  This case has been, and is, dismissed.

SIGNED on August 7, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge